UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DON WHITTINGTON,
    Plaintiff,

vs.                                  07-1061

STEPHEN WRIGHT, et. al.,
    Defendants.

**SUMMARY JUDGEMENT ORDER**

This cause is before the court for consideration of the defendants' motions for summary judgement. [d/e 29, 35]

## I. BACKGROUND

The plaintiff filed his complaint pursuant to 42 U.S.C.§1983 against three defendants at Hill Correctional Center including Warden Stephen Wright, Psychologist James Tiller and Psychiatrist Dr. Sreehari Patibandla.

On April 18, 2007, the court conducted a merit review of the plaintiff's complaint and found that the plaintiff had alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. Specifically, the plaintiff alleged that the defendants did not provide him proper medication. The claim was against the defendants in their individual capacities only.

The defendants have now filed motions for summary judgement, and the plaintiff has filed responses to each.

## II. FACTS

The plaintiff did not respond to the defendants' statements of undisputed facts. The following facts are taken from the dispositive motions and attached exhibits.

Dr. Patibandla provides psychiatric treatment to inmates within the Illinois Department of Corrections. The plaintiff was one of his patients during his incarceration at Hill Correctional Center.

The plaintiff arrived at facility on November 29, 2006. The plaintiff had a prescription for Klonopin when he entered Hill Correctional Center. Dr. Patibandla says this drug is generally used to treat panic disorders, but if taken for longer periods, it can become habit forming. (Def. Mot, Dr. P. Aff, p. 2) The doctor says there are many possible side effects with

1

Klonopin and there is also a potential risk of overdose.

Dr. Patibandla says the last doctor who saw the plaintiff before his transfer to Hill Correctional Center agreed to continue the prescription for Klonopin, but noted his concerns about long term use and the plaintiff's substance abuse history.

The plaintiff continued on Klonopin when he first arrived at Hill Correctional Center. On December 3, 2006, Dr. Patibandla evaluated the plaintiff and determined that he had an anxiety disorder. The doctor noted that the plaintiff had been taking Klonopin for two years and was very resistant to changing medications. However, the doctor explained that due to the plaintiff's history of methamphetamine abuse, it was important for him to use a non-habit-forming medication. The treatment plan called for tapering off the Klonopin prescription over the next two months while adding in other non-habit-forming medications. (Def. Mot, Dr. P Aff, p. 2-4)

The plaintiff then complained about his reaction to the new drug. The doctor reevaluated the plaintiff, agreed to continue the Klonopin for a bit longer and tried a new prescription. The plaintiff continued to receive Klonopin until mid February of 2007 when other drugs were substituted. In March of 2007, the plaintiff began to refuse his new medication and refused to see Dr. Patibandla again. Although not directly addressed, it does not appear the plaintiff was treated again by Dr. Patibandla.

Dr. Patibandla says he "could not, consistent with my professional obligations, prescribe a habit-forming medication to a patient with a history of substance abuse, and for whom I believed the medication was contraindicated." (Def. Mot, Dr. P, Aff., p. 5) The doctor says in his opinion, the "risks of his continued use of this medication outweighed any potential health benefits to him from the medication." (Def. Mot, Dr. P Aff. p. 6) Finally, Dr. Patibandla says in his medical opinion, the plaintiff "had no serious medical or mental health need for continued treatment with Klonopin while he was incarcerated at Hill Correctional Center." (Def. Mot, Dr. P Aff, p. 1)

Dr. James Tiller is a clinical psychologist who counseled the plaintiff on occasion. However, Dr. Tiller is not a medical doctor and therefore could not prescribe medications. (Def. Memo, Dr. Til Aff, p. 2). Dr. Tiller says he had no reason to question Dr. Patibandla's decision to taper the plaintiff's Klonopin prescription and relied on Dr. Patibandla's medical judgement.

Defendant Wright was the Acting Warden at Hill Correctional Center at the time of the allegations in the plaintiff's complaint. Wright said he had no authority to refer an inmate to an outside doctor, to prescribe a treatment or recommend medication. Wright says the plaintiff was under constant medical care at Hill Correctional Center and he "had no authority to override the decisions made by the medical staff and was never aware of any refusal by the medical staff to

provide needed treatment to (the plaintiff)." (Def. Memo, Wright Aff, p. 1)

Jackie Miller is the Chairperson of the Office of Inmate Issues.  Miller states that she has search the files of the Administrative Review Board and there are no grievances from the plaintiff complaining that he did not receive Klonopin or any other specific medication while at Hill Correctional Center. (Def. Memo, Miller Aff, p. 3)

### III.  LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c.  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### IV. ANALYSIS

A.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant Wright first argues that the plaintiff has failed to exhaust his administrative remedies as required for his claim. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendant has provided an affidavit from the Chairperson of the Office of Inmate Issues stating that there is no record of any grievance concerning medication at Hill Correctional Center that was appealed to the Administrative Review Board. (Def. Memo, Miller Aff, p. 3). The plaintiff responds with a vague allegation that he tried to send "grievances to Springfield." (Plain. Resp., p. 4) The plaintiff does not provide a copy of any grievance he filed, nor does he provide any details about his attempts to follow the grievance procedures. He has attached a copy of an "Authorization of Payment" form showing he asked to send something to the Administrative Review Board, but this form is dated August 10, 2007, **after** he filed this lawsuit. An inmate must fully exhaust administrative remedies **before** a lawsuit is filed.

The court also notes that while the pro se plaintiff made no reference to grievances in response to the motion for summary judgement, he did attach grievances to his initial complaint. However, there is no evidence in these documents that demonstrates they were appealed to the Administrative Review Board.

It does not appear that the plaintiff has exhausted his administrative remedies as required. However, even if the plaintiff had met this requirement, he has failed to demonstrate that the defendants violated his Eighth Amendment rights.

B.  EIGHTH AMENDMENT CLAIM.

The defendants argue that the plaintiff can not demonstrate that they were deliberately indifferent to his serious medical condition. The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*. The second prong requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v.*

4

*Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997). Finally, "dissatisfaction or disagreement with the method of treatment" or "differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *Jones v. Natesha,*151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted.*

The plaintiff says Klonopin was the only drug that really helped him deal with anger and mood swings. When he was taken off this medication, the plaintiff said he could not control his anger. The plaintiff alleges that he seriously injured his hands in an incident after he was taken off the medication. The plaintiff has provided no evidence in support of this claim, but in reviewing the medical records submitted by the defendants, it does appear the plaintiff injured his hands after beating the wall in his cell in January of 2007. (Jan. 8, 2007 Med. Red). The plaintiff was still on Klonopin at the time although apparently the dosage had been reduced. The plaintiff did receive medical care for his hands and X-rays.

The plaintiff also states he suffered from heart palpitations and heard voices. Again, the plaintiff offers no medical evidence in support of his claim. However, the medical records from the defendants indicate that the plaintiff did report heart palpitation and he was given an EKG (electrocardiogram) to test for any additional problems. (January 1, 2007 Med. Records). There is no record of the plaintiff reporting that he heard voices.

Even if all of the plaintiff's claims were true, he has failed to demonstrate that the defendants were deliberately indifferent to his serious medical condition. The plaintiff received care and medication throughout his stay at Hill Correctional Center. Dr. Patibandla did not believe Klonopin was the best alternative for the plaintiff and even the previous doctor who had prescribed the drug noted concerns about the plaintiff continuing on Klonopin. At best, the plaintiff has pointed to a disagreement with his treatment plan, but this can not be the basis of an Eighth Amendment claim.

In addition, Defendants Wright and Tiller could not prescribe medications and knew the plaintiff was receiving medical care from Dr. Patibandla. These defendants relied on Dr. Patibandla's medical expertise and training. *See McEachern v Civiletti,* 502 f. Supp 532, 534 (N.D. Ill. 1980). The motion for summary judgement is granted.

**ITS IS THEREFORE ORDERED that:**

**1) The defendant's motions for summary judgement are granted pursuant to Fed. R. Civ. P. 56. [d/e 29, 35]   The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order. The parties are to bear their own costs. This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change**

Entered this 17th day of February, 2009.

                **s\Harold A. Baker**

                _____
                HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE